# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

STEPHEN F. MONTES,

      Petitioner,

v.                                     Case No: 5:13-cv-00570-OC-30PRL

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.
_____/

## ORDER

      Petitioner, an inmate in the Florida Department of Corrections proceeding *pro se*, initiated this matter by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). He challenges his conviction for aggravated battery with a deadly weapon, entered in 2007 in the Fifth Judicial Circuit, Marion County, Florida. In its response (Dkt. 7), Respondent contends that the petition should be dismissed as untimely filed. Upon review, the petition must be dismissed as untimely.

## PROCEDURAL HISTORY

      On September 20, 2007, the State of Florida filed a felony information charging Petitioner with one count of aggravated battery with a deadly weapon that occurred on August 20, 2007. A jury found Petitioner guilty as charged on October 1, 2007. He was adjudicated guilty and sentenced to fifteen years' imprisonment as a prison releasee reoffender on November 14, 2007. The Fifth District Court of Appeal affirmed Petitioner's judgment and sentence in a written opinion entered November 14, 2008. (Dkt. 8-3, Ex. 6.) *See Montes v. State*, 994 So.2d 1210 (Fla. 5th DCA 2008).

Petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 on November 12, 2010, the date he provided the motion to prison officials for mailing.[1]  (Dkt. 8-3, Ex. 8, p. 47.)  After Petitioner filed an amended motion and the State filed a response, the state court entered an order summarily denying Petitioner's Rule 3.850 motion on June 2, 2011.  (Dkt. 8-4, Ex. 16.)  The Fifth District Court of Appeal *per curiam* affirmed the order of denial on November 22, 2011.  (Dkt. 8-5, Ex. 20.)  *See Montes v. State*, 77 So.3d 198 (Fla. 5th DCA 2011). The appellate court denied Petitioner's motion for rehearing on January 4, 2012, and the mandate issued on January 23, 2012.   (Dkt. 8-5, Ex. 22, 23.)

Petitioner filed his habeas petition on October 11, 2013.  Respondent's response was filed on February 3, 2014.  Petitioner filed a reply (Dkt. 9) on February 21, 2014.  Petitioner raises two grounds for relief in his habeas petition.  Respondent asserts that the petition is untimely and that the claims brought in the petition are unexhausted.  Petitioner concedes that his petition is untimely but argues that the Court should apply equitable tolling and consider the merits of his claims because he asserts actual innocence.

## DISCUSSION

As the parties have addressed in their pleadings, the petition is untimely under 28 U.S.C. § 2244(d)(1).  That section provides a one-year statute of limitations for filing a habeas petition seeking relief from a state court judgment under 28 U.S.C. § 2254.  This one-year period "shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review

---

[1]While the typed certificate of service contains a date of November 12, 2011, and Petitioner appears to have crossed out the year 2010 on the prison mailing date stamp, it is clear that Petitioner filed his Rule 3.850 motion in November 2010, not November 2011.  The motion was filed with the Clerk of the Circuit Court on November 24, 2010.  (Dkt. 8-3, Ex. 8, p. 1.)  Petitioner also signed his name next to the date November 12, 2010, near the end of the motion.  (Dkt. 8-3, Ex. 8, p. 45.)

or the expiration of the time for seeking such review...."  28 U.S.C. 2244(d)(1)(A).  The statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ...."  28 U.S.C. 2244(d)(2).

Petitioner's conviction was affirmed on direct appeal on November 14, 2008.  His conviction therefore became final on February 12, 2009, at the conclusion of the ninety-day period to petition the United States Supreme Court for a writ of certiorari.  *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002); Sup. Ct. R. 13.3.  The one-year period to file a habeas petition under § 2254 began to run the next day, February 13, 2009.  Petitioner was therefore required to file his federal habeas petition on or before February 12, 2010, unless he filed a motion in state court that tolled the habeas statute of limitations.

The record reflects that Petitioner did not file any such motions in state court within this one-year window.  He did not file his Rule 3.850 motion until November 12, 2010, after the time to file a federal habeas petition had already expired.  Additionally, Petitioner waited until October 11, 2013, to file his federal habeas petition.  This date is nearly two years after the state appellate court's January 23, 2012 mandate affirming the denial of his Rule 3.850 motion.  Accordingly, this petition is untimely.

Petitioner argues in his petition and his reply that, despite the untimely nature of his petition, the Court should apply equitable tolling and consider his petition because he is actually innocent.[2]  The one-year statute of limitations set forth in § 2244(d) "is subject to equitable tolling in

---

[2]Specifically, Petitioner lists the following in his petition as reasons to grant equitable tolling: "Actual Innocence"; "Equitable Estoppel Doctrine"; "Diligently pursuent [sic] for Justice"; "Government fail [sic] to present prima facie case"; and "Burden of reasonable doubt was not relieved by prosecution."  (Dkt. 1, p. 10.)

appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (citations omitted). Equitable tolling is a means by which a federal court may excuse a petitioner's failure to comply with federal timing rules. *See id.* at 650.

"Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Furthermore, "[t]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). "A 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Petitioner has not argued or shown that he has been pursuing his rights with reasonable diligence. Moreover, he has not presented any explanation as to why he was unable to timely file his habeas petition. Petitioner does not provide any evidence or description of extraordinary circumstances that impeded his ability to file his petition within the one-year limit established by § 2244(d)(1). The reasons he provides in support of his request for equitable tolling are vague and conclusory. Therefore, the remedy of equitable tolling is not available to Petitioner.

Alternatively, petitioner is not entitled to review of his untimely petition on the grounds that his claim of actual innocence provides an exception to the habeas statute of limitations. "A court may also consider an untimely § 2254 petition if, by refusing to consider the petition for untimeliness, the court thereby would endorse a 'fundamental miscarriage of justice' because it would require that an individual who is actually innocent remain imprisoned." *San Martin v. McNeil*, 633 F.3d 1257, 1267-68 (11th Cir. 2011) (citing *Johnson v. Alabama*, 256 F.3d 1156, 1171

(11th Cir. 2001)).  *See also McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (holding that a showing of actual innocence permits a district court to review a habeas petition filed after the expiration of the statute of limitations set out in § 2244(d)(1)).  "To support a claim of actual innocence, a time-barred § 2254 petitioner must present 'new reliable evidence' such that it is more likely than not that 'no reasonable juror would have convicted him in light of the new evidence.'" *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F. 3d 1000, 1017 (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995)).

Petitioner alleges that he is actually innocent and that the State failed to present a prima facie case against him because it did not show that he intended to commit aggravated battery with a deadly weapon.  At Petitioner's trial, the State alleged that he threw a beer bottle at the victim, causing a gash on the victim's face.  (Dkt. 8-2, Ex. 2, Transcript of October 1, 2007 Jury Trial, p. 97.)  The State played a recording of a 911 call during which the victim stated that Petitioner hit her with a beer bottle.  (Id., pp. 121, 122.)  But the victim testified at trial that she accidentally hit the beer bottle with her face.  (Id., pp.132, 133, 153.)  She testified that she previously stated that Petitioner threw the bottle at her because she was mad.  (Id., p. 155.)  Petitioner appears to argue that, because the victim did not testify that Petitioner actually hit her with the bottle, the State failed to prove that he intentionally touched or struck her.[3]  This failure, he contends, shows his actual innocence.

The information set forth by Petitioner is insufficient to make a showing of actual innocence that would allow for consideration of his untimely habeas petition.  Petitioner is attempting to re-

---

[3]The statute under which Petitioner was charged, section 784.045(1)(a)2, Florida Statutes, provides that a person commits aggravated battery when, in committing battery, he uses a deadly weapon.  To prove battery, the State must show that a person intentionally touched or struck the victim against the victim's will.  *See* § 784.03 , Fla. Stat.

argue the sufficiency of the evidence presented at trial.  He has not come forward with any facts or evidence not heard by the jury.  *See Schlup*, 513 U.S. at 324 ("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial").  Petitioner offers no new reliable evidence to corroborate his claim of actual innocence.  Consequently, Petitioner has not demonstrated that the exception to the federal habeas petition statute of limitations for actual innocence applies to him.[4] His petition must be dismissed as untimely.

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's petition for writ of habeas corpus (Dkt. 1) is DISMISSED as untimely.  The Clerk is directed to terminate all pending motions and close this case.

It is further ordered that Petitioner is not entitled to a certificate of appealability.  A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition.  28 U.S.C. § 2253(c)(1).  A district court must first issue a certificate of appealability (COA).  *Id.*  "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529

---

[4]Even assuming the petition was timely and was properly before the Court, Petitioner would not be entitled to a review of his claims on the merits because they are unexhausted and thus procedurally defaulted.  In order to pursue federal habeas relief, a state prisoner must exhaust every available state court remedy for challenging his conviction.  28 U.S.C. § 2254(b)(1).  The failure to exhaust state remedies is a procedural default that bars federal habeas relief.  *See Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). The record supports Respondent's contention that the Petitioner's claims are unexhausted and thus procedurally defaulted because they were not raised in state court proceedings.

U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner has not made this showing.  Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

 **DONE** and **ORDERED** in Tampa, Florida on June 30, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

ML:sa